The STATE of Texas, et al., Appellants,

v.

William Douglas KNIGHT, Appellee.

No. B14–90–00821–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

July 3, 1991.

Louis Carrillo, Austin, Thomas Rodriguez, Galveston, for appellants.

Paul H. Lavalle, Texas City, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

The trial court ordered the expunction of all records relating to appellee's prior record. We affirm in part and reverse and render in part.

Appellee is a former Galveston County peace officer who was charged with the felony offense of aggravated purgery and two counts of tampering with a governmental record. On March 30, 1990, appellee and the Galveston County district attorney's office entered into a plea bargain agreement for the appellee to plead nolo contendere to one misdemeanor charge of tampering with a governmental record in exchange for the dismissal of the other charges. Appellee was given a six month deferred adjudication for that sole misdemeanor.

Appellee later filed a petition to expunge the record of all three offenses. The Texas Commission on Law Enforcement Standards Education, The Texas Department of Public Safety, and The Galveston County District Attorney's Office opposed the expunction. The hearing on the expunction petition demonstrated that appellee had complied with several conditions of his probation, including the voluntary and permanent surrender of his peace officer's license. The state argued there was no evidence that the indictment was dismissed because of a lack of probable cause, which is legally necessary for expunction to be granted.

In its first point of error, the State alleges that there is no evidence appellee is entitled to expunction under TEX. CODE CRIM.PROC.ANN. art. 55.01 (Vernon 1990). Appellants filed a statement of facts but did not request the trial court to make any findings of fact or conclusions of law. In a non-jury trial, where no findings of fact or conclusions of law are filed or requested, it is implied that the trial court made all findings necessary to support its judgment. *Lemons v. EMW Mfg. Co.*, 747 S.W.2d 372, 373 (Tex.1988); *Julien v. Baker*, 758 S.W.2d 873, 875 (Tex.App.—Houston [14th Dist.] 1988, error denied, 1989). The implied findings of a statement of facts of fact may be challenged on the basis of factual and legal sufficiency. *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex.1989).

If there is some evidence to support the judgment, it must be affirmed and only the evidence most favorable to the verdict should be considered. *Lemons*, 747 S.W.2d at 373. The judgment must be affirmed unless the record shows fundamental error on its face. *Commercial Credit Corporation v. Smith*, 143 Tex. 612, 187 S.W.2d 363, 365 (Tex.1945); *State v. Gamble*, 692 S.W.2d 200, 202 (Tex. App.—Fort Worth 1985, no writ).

TEX.CODE CRIM.PROC.ANN. art. 55.01 (Vernon 1990) provides that a person charged with a felony or misdemeanor is entitled to have his record expunged only if all three of the following conditions are satisfied:

(1) An indictment or information charging him with commission of a felony has not been presented against him for an offense arising out of the transaction for which he was arrested or, if an indictment or information charging him with commission of a felony was presented, it has been dismissed and the court finds that it was dismissed because the presentment had been made because of *mistake, false information, or other similar reasons indicating absence of probable cause at the time of dismissal* to believe the person committed the offense or because it was void;

(2) He has been released and the charge, if any, has not resulted in a final conviction and, is no longer pending, and there was *no court ordered probation under Article 42.12, Code of Criminal Procedure*, nor a conditional discharge under Section 4.12 of the

Texas Controlled Substance Act. (Article 4476–15, Vernons Texas Civil Statute); and

(3) He has not been convicted of a felony in the five years preceding the date of arrest.

(emphasis added); *see Texas Comm'n on Law Enforcement Officer Standards and Education v. Watlington,* 656 S.W.2d 666, 668 (Tex.App.—Tyler 1983, writ ref'd n.r.e.).

Article 55.01 was enacted to enable persons who are wrongfully arrested to expunge their arrest records. *Texas Department of Public Safety v. Failla,* 619 S.W.2d 215, 217 (Tex.Civ.App.—Texarkana 1981, no writ). It was not intended to allow a person who is arrested, pleads guilty to an offense, and receives probation after pleading guilty to expunge his record. *Id; see Harris Co. Dist. Atty's Office v. J.T.S.,* 807 S.W.2d 572, 574 (Tex.1991).

A person who seeks expunction has the burden of proof. *Harris v. State,* 733 S.W.2d 710, 711 (Tex.App.—San Antonio 1987, no writ). The court has no equitable power to extend the clear meaning of the statute. *Gilbert v. State,* 437 S.W.2d 444, 446 (Tex.Civ.App.—Houston [14th Dist.] 1969, writ ref'd n.r.e.).

The record shows, on its face, that the appellee failed to meet his burden. The felony and the second misdemeanor were dismissed in exchange for appellee's plea of nolo contendere. There is no evidence that the felony charge was dismissed "because of mistake, false information, or other similar reason indicating absence of probable cause." The trial court's order expunging the record of the felony offense is in error.

Appellee also failed to satisfy the second expunction requirement for the second misdemeanor charge. Appellee was subject to "court ordered probation" and therefore ineligible for expunction because he received a deferred adjudication probation. Deferred adjudication probation under Article 42.12 § 5, Texas Code of Criminal Procedure constitutes a "court ordered probation" for purposes of article 55.01(2). *See Harris Co. Dist. Atty's Office, et al. v.*

*Dawson,* 809 S.W.2d 359, 361 (Tex.App.—Houston [14th Dist.] 1991); *see also Harris Co. Dist. Atty's Office v. J.T.S.,* 807 S.W.2d at 573.

Appellee argues that since he was not ordered to report to the probation department or obey the rules and regulations, he was not placed under court ordered supervision. This argument is without merit. The issue before this court is whether appellee received a "court ordered probation," and not whether his deferred adjudication probation involved "court ordered supervision." Effective September 1, 1989, article 55.01(2) was amended changing the phrase "court ordered supervision" to "court ordered probation" under Tex.Code Crim. Proc.Ann. art. 42.12. Appellee received deferred adjudication seven months after the current article 55.01(2) became effective. The interpretation of the phrase "court ordered supervision" in earlier cases is not valid here. *See, e.g., Meyers v. State,* 675 S.W.2d 798, 799 (Tex.App.—Dallas 1984, no writ); *Failla,* 619 S.W.2d at 217. There is no evidence that appellee satisfied the second requirement of amended article 55.01. Appellant's first point of error is sustained.

The State agrees that the record in the first misdemeanor charge, cause number 106566, should be expunged. The trial court's order granting that expunction is affirmed. The remainder of the judgment of the trial court is reversed and judgment is rendered that the petition for expunction be denied as to the felony charge in cause number 89CR0310, and as to the second misdemeanor charge in cause number 106568.