TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00533-CV


NO. 03-99-00534-CV







Travis County Attorney, Appellant



v.



 J.S.H., Appellee



and



C.E.G.K., Appellee







FROM THE DISTRICT COURTS OF TRAVIS COUNTY, 147TH & 299TH JUDICIAL 
DISTRICTS, NOS. 98-12297 & 98-03658, HONORABLE WILFORD FLOWERS &

HONORABLE JON WISSER, JUDGES PRESIDING









DISSENTING OPINION





 The majority holds that an admitted, unadjudicated offense, when taken into account
under section 12.45 of the Penal Code in determining the sentence for an offense of which the
defendant stands adjudged guilty, does not "result in" a "final conviction" as those terms are used
in the expunction statute, article 55.01 of the Code of Criminal Procedure. See Tex. Penal Code
Ann. § 12.45 (West 1994); Tex. Code Crim. Proc. Ann. art. 55.01 (West Supp. 2001). Because
I disagree with this conclusion, I respectfully dissent.

 The majority bases its holding on the self-evident proposition that there cannot be
a final conviction without an adjudication of guilt. See McNew v. State, 608 S.W.2d 166, 172
(Tex. Crim. App. 1978). I agree with that proposition, but I do not believe it is material to the
issue at hand.


THE LANGUAGE OF THE STATUTE

 Courts construing section 12.45 have reached contrary conclusions on whether the
offense consumed by that provision--the unadjudicated offense--results in a "final conviction,"
depending upon the context in which the case arises. Compare Perea v. State, 870 S.W.2d 314,
318 (Tex. App.--Tyler 1994, no pet.) (witness in criminal case may be impeached by evidence of
section 12.45 offenses since prosecution of unadjudicated offense was "finally concluded by
judgment of conviction" in primary case), and Lester v. State, 824 S.W.2d 775, 778 (Tex.
App.--Houston [14th Dist.] 1992, pet. ref'd) (jeopardy attaches and prosecution of offense
admitted under section 12.45 is prevented), with Hilburn v. State, 946 S.W.2d 885, 886 (Tex.
App.--Fort Worth 1997, no pet.) (because there is no "judgment of conviction," defendant does
not have right to appeal section 12.45 disposition), and Day v. State, 784 S.W.2d 955, 957-58
(Tex. App.--Fort Worth 1990, no pet.) (admitted section 12.45 offense is not grounds to
disqualify juror because juror does not stand convicted of the unadjudicated offense).

 The majority reads article 55.01(a)(2)(B) of the Code of Criminal Procedure as if
it said that expunction is available as long as the unadjudicated charge has not resulted in a final
conviction of that particular offense. The statute contains no such requirement, however. Rather,
the provision is worded in such a way that expunction is available if the unadjudicated offense has
resulted in any final conviction. "Result in" simply means to cause or produce. As the majority
itself notes, the assessment of punishment is an essential part of a final conviction.

 Several courts have held that when a trial court takes an admitted, unadjudicated
offense into consideration for sentencing on the adjudicated offense, the unadjudicated offense
becomes an integral part of the final judgment of conviction in the adjudicated offense. Indeed,
the court of criminal appeals has stated:


Under . . . § 12.45 a defendant must admit his guilt of an unadjudicated offense
before it can be taken into account for assessing punishment for a charged offense. 
Such admission, when taken into account, will bar prosecution for the admitted
unadjudicated offense. It is logical that when such action is taken it should be
included in the formal judgment.



Whalon v. State, 725 S.W.2d 181, 195 (Tex. Crim. App. 1986) (op. on reh'g); see also Woodard
v. State, 931 S.W.2d 747, 750 (Tex. App.--Waco 1996, no pet.) (offenses admitted to enhance
sentencing on conviction "became part of that judgment and part of [defendant's] criminal
record"); Murray v. State, 840 S.W.2d 675, 679 (Tex. App.--Tyler 1992, no pet.) (where
defendant had admitted guilt to four offenses and asked that admissions be taken into consideration
in sentencing on adjudicated offense, those admitted offenses became "part of the judgment of
conviction, admissible as part of [defendant's] criminal record").

 I agree with those courts holding that a defendant's admission of guilt of an
unadjudicated offense becomes an integral part of the judgment of conviction of the adjudicated
offense. Such a judgment obviously is a final conviction of the adjudicated offense. In the present
case, because the admissions of guilt of the unadjudicated offenses were considered in determining
the punishment for the adjudicated offenses and became an integral part of those judgments, the
unadjudicated offenses necessarily "resulted in a final conviction" as that phrase is used in the
expunction statute. Accordingly, J.H.S. and C.E.G.K. have not satisfied the requirements of
article 55.01(a)(2) and are not entitled to expunction of their arrest records.


POLICY CONCERNS

 Moreover, I believe the majority's holding subverts the narrow purpose of the
expunction statute. When interpreting a statute, whether or not ambiguous, a court may consider
the object sought to be obtained. See Tex. Gov't Code Ann. § 311.023(1) (West 1998). Article
55.01 expressly states that where the charged offense is a felony, expunction is available only if
no charges were brought or, if the person has been presented with an indictment or information,
"the court finds that it was dismissed because the presentment had been made because of mistake,
false information, or other similar reason indicating absence of probable cause at the time of the
dismissal to believe the person committed the offense or because it was void." Tex. Code Crim.
Proc. Ann. art. 55.01(a)(2)(A). Thus, for felonies, the plain language of the statute clearly limits
the availability of expunction to charges lacking probable cause or stemming from wrongful
arrests.

 Courts addressing the legislative intent behind article 55.01 have extended the same
rationale when applying that article to misdemeanor offenses as well. For example, where a
person sought expunction of a misdemeanor charge of possession of a controlled substance, the
supreme court wrote that "[t]he legislature intended section 55.01 to permit the expunction of
wrongful arrests." Harris County Dist. Attorney's Office v. J.T.S., 807 S.W.2d 572, 574 (Tex.
1991) (emphasis added); see also State v. Knight, 813 S.W.2d 210, 212 (Tex. App.--Houston
[14th Dist.] 1991, no writ) (where person sought expunction of one misdemeanor and two felony
charges, "[a]rticle 55.01 was enacted to enable persons who are wrongfully arrested to expunge
their arrest records"). There is no allegation or proof in this record that J.S.H. or C.E.G.K. was
wrongfully arrested for the unadjudicated offenses. Quite the contrary, both admitted their guilt
of the charges.

 Finally, I believe that complete and accurate records of past criminal activity serve
an important public purpose. As the supreme court explained in J.T.S.:


[A] court may consider the consequences that may flow from a particular
construction, presuming that a just and reasonable result is intended and that the
public interest is to be favored over any private interest. . . . The public has an
important interest in arrest records being kept for use in subsequent punishment
proceedings, including subsequent applications for probation. These records are
valuable to document and deter recidivism.



J.T.S., 807 S.W.2d at 574. To allow expunction of all records of admitted crimes would deny a
valuable resource to law enforcement officials and other members of the criminal justice
community. I cannot believe that the legislature intended to make expunction available in cases
such as the present ones.

 I would hold that J.S.H. and C.E.G.K. are not entitled to expunction of records
related to the admitted, unadjudicated offenses and would reverse the judgments of the trial courts
and render judgment in both causes denying expunction.



 

 J. Woodfin Jones, Justice

Before Justices Yeakel, Patterson and Jones*

Filed: January 11, 2001

Publish













* Before J. Woodfin Jones, Justice (former), Third Court of Appeals, sitting by assignment.
See Tex. Gov't Code Ann. § 75.003(a)(1) (West 1998).


gree with those courts holding that a defendant's admission of guilt of an
unadjudicated offense becomes an integral part of the judgment of conviction of the adjudicated
offense. Such a judgment obviously is a final conviction of the adjudicated offense. In the present
case, because the admissions of guilt of the unadjudicated offenses were considered in determining
the punishment for the adjudicated offenses and became an integral part of those judgments, the
unadjudicated offenses necessarily "resulted in a final conviction" as that phrase is used in the
expunction statute. Accordingly, J.H.S. and C.E.G.K. have not satisfied the requirements of
article 55.01(a)(2) and are not entitled to expunction of their arrest records.


POLICY CONCERNS

 Moreover, I believe the majority's holding subverts the narrow purpose of the
expunction statute. When interpreting a statute, whether or not ambiguous, a court may consider
the object sought to be obtained. See Tex. Gov't Code Ann. § 311.023(1) (West 1998). Article
55.01 expressly states that where the charged offense is a felony, expunction is available only if
no charges were brought or, if the person has been presented with an indictment or information,
"the court finds that it was dismissed because the presentment had been made because of mistake,
false information, or other similar reason indicating absence of probable cause at the time of the
dismissal to believe the person committed the offense or because it was void." Tex. Code Crim.
Proc. Ann. art. 55.01(a)(2)(A). Thus, for felonies, the plain language of the statute clearly limits
the availability of expunction to charges lacking probable cause or stemming from wrongful
arrests.

 Courts addressing the legislative intent behind article 55.01 have extended the same
rationale when applying that article to misdemeanor offenses as well. For example, where a
person sought expunction of a misdemeanor charge of possession of a controlled substance, the
supreme court wrote that "[t]he legislature intended section 55.01 to permit the expunction of
wrongful arrests." Harris County Dist. Attorney's Office v. J.T.S., 807 S.W.2d 572, 574 (Tex.
1991) (emphasis added); see also State v. Knight, 813 S.W.2d 210, 212 (Tex. App.--Houston
[14th Dist.] 1991, no writ) (where person sought expunction of one misdemeanor and two felony
charges, "[a]rticle 55.01 was enacted to enable persons who are wrongfully arrested to expunge
their arrest records"). There is no allegation or proof in this record that J.S.H. or C.E.G.K. was
wrongfully arrested for the unadjudicated offenses. Quite the contrary, both admitted their guilt
of the charges.

 Finally, I believe that complete and accurate records of past criminal activity serve
an important public purpose. As the supreme court explained in J.T.S.:


[A] court may consider the consequences that may flow from a particular
construction, presuming that a just and reasonable result is intended and that the
public interest is to be favored over any private interest. . . . The public has an
important interest in arrest records being kept for use in subsequent punishment
proceedings, including subsequent applications for probation. These records are
valuable to document and deter recidivism.



J.T.S., 807 S.W.2d at 574. To allow expunction of all records of admitted crimes would deny a
valuable resource to law enforcement officials and other members of the criminal justice
community. I cannot believe that the legislature intended to make expunction available in cases
such as the present ones.

 I would hold that J.S.H. and C.E.G.K. are not entitled to expunction of records
related to the admitted, unadjudicated offenses and would reverse the judgments of the trial courts
and render judgment in both causes denying expunction.