# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO. 03-08-00435-CV

**Texas Department of Public Safety, Appellant**

**v.**

**Joshua Jack Nail, Appellee**

### FROM THE DISTRICT COURT OF LLANO COUNTY, 33RD JUDICIAL DISTRICT NO. 15,973, HONORABLE V. MURRAY JORDAN, JUDGE PRESIDING

## D I S S E N T I N G   O P I N I O N

After unanimously affirming the trial court's order, the majority on rehearing reverses course, applies the wrong standard of review, and substitutes its own judgment for that of the trial court despite the undisputed facts in the record and the trial court's express findings regarding those facts. For these reasons, I dissent.

The majority acknowledges that an appellate court reviews a trial court's grant of a petition for expunction under an abuse of discretion standard. *See* slip op., *supra*, at 7. The majority, however, converts this standard into one of *de novo* review based on its post-hoc determination on rehearing that the grant of expunction in this case turns not on the undisputed facts as expressly found by the trial court, but on a question of law. *See id.* at 7-8. In a case involving

undisputed facts as expressly found by the trial court, the majority's attempted conversion from abuse of discretion to *de novo* review is misguided.

The trial court expressly found "that there was no court-ordered supervision of [Nail] under Art. 42.12 [of the code of criminal procedure]." The judgment in the underlying case and the prosecutor's testimony in this case support the trial court's express finding. There is no reference to court-ordered community supervision in the underlying judgment. Indeed, any reference to court-ordered supervision, community supervision, probation, or terms and conditions of probation on the printed form has been marked out. The prosecutor testified on direct examination at the hearing on appellee's petition for expunction as follows:

A.   . . . I think I sent you a plea bargain letter and it was always that [Nail] was not supposed to report [to a probation officer] and it was just – – it was sort of like a Class C misdemeanor, you pay a fine and court costs and that's it.

Q.   Right. And as attorney for the [S]tate, you and I made that agreement?

A.   Right.

Q.   And the agreement was with the understanding that doing it in this way, the way we did it, [Nail] would be eligible for expunction and you would not oppose it?

A.   We hoped so.

Q.   Well, we hoped so.

A.   Yeah, but I said I would not – – you know, he was a good boy. As long as he, you know, didn't have any criminal history between now and the time of expunction that I would not have any problem with it.

The prosecutor's testimony makes clear the parties' intent that appellee would be eligible for expunction. Based on this testimony and the underlying judgment, I would conclude that the trial court did not abuse its discretion in finding that there was no court-ordered community supervision under article 42.12 or in granting the petition for expunction. *See Heine v. Texas Dep't Pub. Safety*, 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied) (reviewing trial court's order granting expunction for abuse of discretion). Viewing the evidence in the light most favorable to the trial court's ruling, I would also conclude that the evidence in the record was legally sufficient to support the trial court's order granting expunction.[1] *See City of Keller v. Wilson*, 168 S.W.3d 802, 807, 827-28 (Tex. 2005).

The majority's opinion on rehearing usurps the role of the trial court as factfinder and erroneously substitutes this Court's judgment for that of the factfinder under the misguided application of a *de novo* standard of review. *See* slip op. at 7-8. Rather than accept the undisputed facts as found by the trial court, the majority considers the requirement in the underlying judgment that Nail pay an $800 fine to be a "condition" of community supervision and, therefore, determines that Nail was placed on community supervision within the meaning of article 42.12. Based on this reasoning, the majority concludes that Nail is ineligible for expunction. The majority's analysis is inconsistent with the plain language of article 42.12.

Article 42.12 defines the term "community supervision" as:

---

[1] The majority's conversion of the standard of review from abuse of discretion to *de novo* review inhibits the majority's review of the Department's legal sufficiency claim because, in applying a *de novo* standard of review, the majority fails to view the evidence in the light most favorable to the trial court's ruling.

the placement of a defendant by a court under a continuum of programs and sanctions, with conditions imposed by the court for a specified period during which:

(A)     criminal proceedings are deferred without an adjudication of guilt; or

(B)     a sentence of imprisonment or confinement, imprisonment and fine, or confinement and fine, is probated and the imposition of sentence is suspended in whole or in part.

Tex. Code Crim. Proc. Ann. art.42.12, § 2(2) (West 2006).  The plain language of this provision requires that a defendant be placed "under a continuum of programs and sanctions, with conditions imposed by the court" to qualify as community supervision within the meaning of the statute.  There is no evidence in this case that Nail was placed under a continuum of programs and sanctions, much less "a continuum of programs and sanctions, *with conditions imposed by the court.*"  *See id.*  As reflected in the majority opinion, all references to the phrase "Terms and Conditions of Probation" in the underlying judgment have clearly been marked out, and there was no attachment to the judgment reflecting a continuum of programs and sanctions applicable to Nail.  Nor was there a separate order placing Nail on community supervision or specific findings related to such an order.[2]

---

[2] For example, if a trial court places a defendant on community supervision, section 16 of article 42.12 requires a trial court to impose community service as a condition of community supervision unless the trial court makes certain express findings.  Tex. Code Crim. Proc. Ann. art. 42.12, § 16(a) (West 2006).  Because section 16(a) states that "[a] judge *shall* require as a condition of community supervision that the defendant work a specified number of hours at a community service project or projects," this requirement is mandatory for all defendants placed on community supervision unless expressly excused in the order placing the defendant on community supervision.  *See id.* § 16(a)(1)-(4) (allowing for exceptions to community service requirement). There is nothing in the plain language of the statute to suggest that the legislature intended community service to be an optional requirement of community supervision.  And there is nothing in the record showing that Nail was required to perform community service.  Nor does the record include any of the findings necessary to exempt Nail from performing community service as required under section 16(a).

Although section 11 of article 42.12 does include payment of a fine as a possible condition of community supervision, *see id.* § 11(a)(8), there is nothing in the underlying judgment at issue here stating that the trial court imposed payment of a fine *as a condition of community supervision*. The majority's attempt to equate the payment of a fine with a condition of community supervision is inconsistent with the plain language of the statute.

The majority's reliance on *Texas Department of Public Safety v. Moran*, 949 S.W.2d 523 (Tex. App.—San Antonio 1997, no writ), and *State v. Knight*, 813 S.W.2d 210 (Tex. App.—Houston [14th Dist.] 1991, no writ) is misplaced. Both *Moran* and *Knight* were decided prior to the 1999 amendments to article 55.01, in which the legislature changed the language in article 55.01(a)(2)(B) from "court ordered probation" to "court ordered community supervision." *See* Act of May 30, 1999, 76th Leg., R.S., ch. 1236, § 1, 1999 Tex. Gen. Laws 4279, 4279. Thus, neither *Moran* nor *Knight* address the amended version of the statute in connection with article 42.12. More importantly, unlike here, neither case involved an express finding by the trial court that the defendant did not receive court ordered community supervision. In *Moran*, the San Antonio appellate court found "the record was silent" with respect to whether the defendant received court ordered probation and, therefore, Moran failed to carry his burden of proving that he did not receive court ordered probation as required under the expunction statute. *See* 949 S.W.2d at 526. And in *Knight*, the Houston court of appeals found that Knight was subject to several conditions of probation, including the voluntary and permanent surrender of his peace officer's license. *See* 813 S.W.2d at 211. The court therefore rejected Knight's argument that he was not placed on court ordered supervision since he was not required to report to the probation department,

5

holding that the question was whether Knight received court ordered probation, not whether his probation involved court ordered supervision. *See id.* at 212.

In contrast to the records in *Moran* and *Knight*, the record before us demonstrates that Nail did not receive court ordered community supervision within the meaning of article 42.12. There is no order placing Nail under a continuum of programs and sanctions, with conditions imposed by the court. There is no order requiring Nail to perform mandatory community service as required in section 16 of article 42.12. Nor is there an express finding exempting Nail from community service. There is, however, an express finding by the trial court that, based on the record, Nail did not receive court ordered community supervision.

Because the proper standard of review in this case is abuse of discretion, not *de novo*, *see Heine*, 92 S.W.3d at 646, and the evidence in the record is clear—and the trial court expressly found—that appellee did not receive court-ordered community supervision under article 42.12, on this explicit record urged by the prosecutor and on findings by the trial court, I would affirm the trial court's order granting the petition for expunction. Because the majority does not, I respectfully dissent.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Filed:   January 8, 2010

6