

**NUMBER 13-12-00771-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

TEXAS DEPARTMENT OF
PUBLIC SAFETY,                                                                  Appellant,

v.

BALTAZAR SALAZAR JR.,                                                              Appellee.

**On appeal from the 107th District Court of
Cameron County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Perkes
Memorandum Opinion by Justice Garza**

Appellant, the Texas Department of Public Safety ("DPS"), brings this restricted appeal from the trial court's order expunging the arrest of appellee, Baltazar Salazar Jr., for three offenses from all public records. Appellee has not filed a brief to assist in the disposition of this appeal. By a single issue, DPS contends that the trial court's

expunction order was not supported by legally sufficient evidence. We reverse and render.

## I. BACKGROUND

On April 24, 2012, Salazar filed an ex parte petition to expunge public records of his arrest for three offenses of theft by check, one on January 15, 1983[1] and two on April 26, 1984.[2] *See* TEX. PENAL CODE ANN. §§ 31.03 (West Supp. 2011), 31.06 (West 2011). Salazar identified several entities that may be in possession of records or files pertaining to his arrest. *See* TEX. CODE CRIM. PROC. ANN. art. 55.02, § 2(a), (b)(8) (West 2006) (explaining that, in an ex parte petition for expunction; the petitioner must name agencies that may have files subject to expunction). Salazar identified, among other entities, the Brownsville Police Department, the Cameron County District Attorney, and DPS. Salazar's petition states that he was charged with three offenses of theft by check. With respect to the January 15, 1983 offense and one of the April 26, 1984 offenses, Salazar states that he "has been released, that the charge has not resulted in a final conviction and is no longer pending, and that there was no court-ordered community supervision under Article 42.12 of the Texas Code of Criminal Procedure." As to the remaining April 26, 1984 offense (trial court cause number 85-CR-23-A), Salazar states that prosecution "is no longer possible because the limitations period has expired."

DPS filed an answer generally denying Salazar's allegations and requesting strict proof of the allegations. The trial court held a hearing on Salazar's petition on June 26,

---

[1] The January 15, 1983 arrest is trial court cause number 83-CR-416-A in the 107th District Court of Cameron County, Texas.

[2] The April 26, 1984 arrests are trial court cause numbers 85-CR-450-A and 85-CR-23-A, both in the 107th District Court of Cameron County, Texas.

2

2012. DPS did not appear at the hearing. A Cameron County assistant district attorney appeared on behalf of the State, and stated to the trial court:

> The answer that was provided by DPS was a request for strict proof as to the petitioner's allegations that these cases had been set aside. Petitioner had been given county jail and probation on two of these cases, and so there was a concern whether or not he did or did not qualify.
>
> [Appellant's counsel] did provide evidence and certified copies from the clerk's office as to the cases being set aside. And so there is no opposition at this moment, at this time, Your Honor. The trial court granted the expunction and signed the order of expunction the same day, June 26, 2012.

DPS did not file a motion for new trial or other post-judgment motion. On December 20, 2012, DPS filed a notice of restricted appeal, stating that it is a party affected by the expunction order. *See* TEX. R. APP. P. 26.1(c) (notice of restricted appeal may be filed within six months after judgment or order is signed); TEX. R. APP. P. 30.

## II. RESTRICTED APPEAL

To attack an order by restricted appeal, the appellant must show: (1) it was a party who did not participate in the hearing that resulted in the judgment complained of; (2) it filed a notice of appeal within six months after the order was signed; (3) it did not timely file a post-judgment motion or request findings of fact and conclusions of law; and (4) error is apparent on the face of the record. TEX. R. APP. P. 26.1(c), 30; *Bazan v. Canales*, 200 S.W.3d 844, 846–47 (Tex. App.—Corpus Christi 2006, no pet.); *see also State Bd. for Educator Certification v. Gonzalez*, No. 13-02-00463-CV, 2003 Tex. App. LEXIS 7223, at *4 (Tex. App.—Corpus Christi Aug. 25, 2003, no pet.).

With regard to the first requirement, DPS is a state agency that may have records pertaining to arrests, as is made apparent by the statutory requirement that

DPS be notified of a final order expunging records. TEX. CODE CRIM. PROC. ANN. art. 55.02 § 3(c); *see Tex. Dep't of Pub. Safety v. Moore*, 51 S.W.3d 355, 357 (Tex. App.—Tyler 2001, no pet.). Although article 2.01 of the Texas Code of Criminal Procedure states that the district attorney represents the State in criminal cases, at an expunction hearing, each law enforcement agency is entitled to represent itself. *Tex. Dep't of Pub. Safety v. Katopodis*, 886 S.W.2d 455, 458 (Tex. App.—Houston [1st Dist.] 1994, no writ); *see* TEX. CODE CRIM. PROC. ANN. art. 55.02, § 2 (stating that "such entity may be represented by the attorney responsible for providing such agency with legal representation in other matters"). Here, the assistant district attorney was the only attorney who appeared for the State. The record shows, therefore, that DPS was a party who did not participate in the hearing giving rise to the expunction order. *See Moore*, 51 S.W.3d at 357; *Tex. Dep't of Pub. Safety v. Deck*, 954 S.W.2d 108, 111 (Tex. App.—San Antonio 1997, no writ); *see also Tex. Dep't of Pub. Safety v. Olivares*, No. 13–06–035–CV at *3, 2007 Tex. App. LEXIS 5904, at *6–10 (Tex. App.—Corpus Christi July 26, 2007, no pet.) (mem. op.).

With regard to the second and third requirements, the record further reflects that DPS filed a notice of restricted appeal within six months of the expunction order, and it did not file any post-judgment motions. Accordingly, DPS satisfied the first three requirements for a restricted appeal. *See* TEX. R. APP. P. 26.1(c); TEX. R. APP. P. 30. We now turn to the alleged error which the state must show is apparent on the face of the records to satisfy the fourth requirement for restricted appeals.

## III. SUFFICIENCY OF THE EVIDENCE

By its sole issue, DPS contends that the trial court erred in granting Salazar's petition for expunction because Salazar failed to establish, by legally sufficient evidence, that he had satisfied the statutory requirements for expunction.

### A. Standard of Review

In restricted appeals, we are limited to considering only errors that are apparent on the face of the record. *See Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam); *see also Gonzalez*, 2003 Tex. App. LEXIS 7223, at *5. The "face of the record" includes all papers on file in the appeal and the reporter's record, if any. *Norman Commc'ns*, 955 S.W.2d at 270. A restricted appeal affords the appellant the same scope of review as an ordinary appeal—in other words, the entire case. *Id.* DPS has challenged the legal sufficiency of the evidence supporting the expunction order, which we may review in a restricted appeal. *Id.*

In conducting a legal sufficiency review, we "view the evidence in the light favorable to the verdict, crediting favorable evidence if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *City of Keller v. Wilson,* 168 S.W.3d 802, 807, 827 (Tex. 2005). We will sustain a no-evidence challenge when the record shows that (1) there is a complete absence of a vital fact, (2) the court is barred from considering the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a scintilla, or (4) the evidence conclusively establishes the opposite of a vital fact. *Id.* at 810 (citing Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 TEX. L. REV. 361, 362–63

(1960)); *Tex. Dep't of Pub. Safety v. Williams,* 76 S.W.3d 647, 649 (Tex. App.—Corpus Christi 2002, no pet.).

**B.     Expunction Requirements**

"The expunction statute was created to allow persons wrongfully charged to expunge their arrest records." *Williams,* 76 S.W.3d at 650 (citing *Tex. Dep't of Pub. Safety v. Butler,* 941 S.W.2d 318, 321 (Tex. App.—Corpus Christi 1997, no writ); *State v. Knight,* 813 S.W.2d 210, 212 (Tex. App.—Houston [14th Dist.] 1991, no writ)). The petitioner has the burden of proving that all statutory requirements have been satisfied in order to be entitled to expunction. *Williams,* 76 S.W.3d at 650 (citing *Butler,* 941 S.W.2d at 321; *Ex parte Scott,* 818 S.W.2d 226, 227 (Tex. App.—Corpus Christi 1991, no writ)). The trial court must strictly comply with the statutory procedures for expunction, and it commits reversible error when it fails to comply. *Ex parte Stiles,* 958 S.W.2d 414, 418 (Tex. App.—Waco 1997, pet. denied). Courts have no equitable power to extend the expunction statute. *Williams,* 76 S.W.3d at 650.

The code of criminal procedure allows for expunction under certain specific circumstances. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01. When a petitioner, such as Salazar, has not been acquitted of the offense to be expunged, or convicted and subsequently pardoned, that petitioner must demonstrate that "the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Article 42.12 for the offense, unless the offense is a Class C misdemeanor . . . ." *Id.* art. 55.01(a)(2). Under this provision, a petitioner must demonstrate that he or she did not receive court-ordered community supervision under Texas Code of Criminal Procedure article 42.12,

6

which includes deferred-adjudication community supervision. *Butler*, 941 S.W.2d at 321; *see* TEX. CODE CRIM. PROC. ANN. art. 42.12; *id.* at art. 55.01. Prior to the 1989 amendments to the code of criminal procedure, article 55.01(a)(2)(B) mandated that in order for the petitioner to be entitled to an expunction, the petitioner had to prove that he or she had not been placed on "community supervision." *See* Act of May 27, 1979, 66th Leg., R.S., ch. 604, § 1, 1979 TEX. GEN. LAWS 1333, 1333. Courts construing the statute after the 1989 amendments determined that deferred-adjudication community supervision constitutes "court ordered probation" for purposes of article 55.01(a)(2)(B) and thus renders a defendant ineligible to expunge his or her arrest. *Butler*, 941 S.W.2d 318, 321; *State v. Knight,* 813 S.W.2d 210, 212 (Tex. App.—Houston [14th Dist.] 1991, no writ).

In *State v. Knight*, the Fourteenth Court of Appeals noted the different wording between the old and new versions of the statute and found that the earlier case law on "court ordered supervision" is no longer valid. *Knight,* 813 S.W.2d at 212. The court held that "court ordered probation" encompasses deferred-adjudication community supervision whether or not the trial court imposes explicit conditions on the petitioner. *Id.* The expunction statute was "not intended to allow a person who is arrested, pleads guilty to an offense, and receives probation after pleading guilty, to expunge his record." *Id.*; *see Harris County Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex. 1991); 43B GEORGE E. DIX & ROBERT O. DAWSON, TEXAS PRACTICE: CRIMINAL PRACTICE & PROCEDURE §§ 48.29–.30, at 277 (2d ed. 2001) (acknowledging general "rule that one is not entitled to expunction upon successful completion of a term of deferred adjudication").

7

## C.    Analysis

DPS contends that the trial court erred in granting Salazar's petition for expunction because he presented no evidence to satisfy the statutory requirements for expunction—in particular, there is no evidence in the record demonstrating that Salazar did not receive community supervision for any of the three offenses.  We agree.

It is well settled that the petitioner has the burden of proving that all statutory requirements have been satisfied in order to be entitled to expunction.  *Williams,* 76 S.W.3d at 650–51.  At the hearing, the assistant district attorney advised the trial court that Salazar was given "county jail and probation" in two of the cases.  Although she referred to "certified copies" of documents showing that the cases had been "set aside," Salazar presented no such evidence to the trial court.  Salazar's petition asserted that as to two of the offenses, he did not receive court-ordered community supervision, but he presented no evidence supporting that assertion.

As to the third offense, Salazar did not even deny that he was given community supervision.  The supplemental clerk's record contains a "Probation Judgment" in trial court cause number 85-CR-23-A stating that on February 26, 1985, the trial court found Salazar guilty of theft by check and sentenced him to three years' imprisonment; the trial court suspended the sentence and placed Salazar on probation for seven years.  Salazar appealed the judgment and this Court affirmed the conviction in appellate cause number 13-85-181-CR in May 1986.

We find that the evidence conclusively establishes that Salazar received court-ordered community supervision for trial court cause number 85-CR-23-A and is therefore ineligible for expunction of that offense.  *See* TEX. CODE CRIM. PROC. ANN. art.

8

55.01(a)(2). As to trial court cause numbers 83-CR-416-A and 85-CR-450-A, Salazar presented no evidence and therefore did not meet his burden of proving that all statutory requirements were satisfied as to those offenses. *See id; Williams,* 76 S.W.3d at 650; *Butler*, 941 S.W.2d at 321; *see also Tex. Dep't. of Pub. Safety v. Borhani,* No. 03–08–00142–CV, 2008 WL 4482676, at *4 (Tex. App.—Austin 2008, Oct. 3, 2008, no pet.) (mem.op.) (holding evidence insufficient to support expunction where petitioner presented no evidence proving he satisfied statutory requirements for expunction). Accordingly, we hold the evidence is legally insufficient to support Salazar's eligibility for expunction as to any of the offenses. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2); *City of Keller,* 168 S.W.3d at 810; *see also Tex. Dep't of Pub. Safety v. Lopez,* No. 13-05-619-CV, 2007 Tex. App. LEXIS 5341, at *4 (Tex. App.—Corpus Christi July 5, 2007, no pet.) (mem. op.). The error is apparent on the face of the record; therefore, we sustain DPS's issue. *See Tex. Dep't of Pub. Safety v. Six,* 25 S.W.3d 368, 370 (Tex. App.—Fort Worth 2000, no pet.); *see also Tex. Dep't of Pub. Safety v. Shipp,* No. 05-05-01421-CV, 2006 Tex. App. LEXIS 2361, at *4–7 (Tex. App.—Dallas Mar. 29, 2006, no pet.) (mem. op.).

## IV. CONCLUSION

We reverse the trial court's order and render judgment denying the petition for expunction as to all three offenses. We order any documents surrendered to the trial court or to Salazar returned to the submitting agencies. *See Tex. Dep't of Pub. Safety v. Fredricks*, 235 S.W.3d 275, 282 (Tex. App.—Corpus Christi, 2007, no pet.) (mem. op.); *Ex parte Elliot,* 815 S.W.2d 251, 252 (Tex. 1991) (per curiam) (providing that

reversal of the order of expunction applies to all respondents, even if they did not participate in the appeal).

 

                                               _____

DORI CONTRERAS GARZA,
Justice

Delivered and filed the
15th day of August, 2013.