

# IN THE
# TENTH COURT OF APPEALS

_____

**No. 10-13-00283-CV**
**No. 10-13-00284-CV**

**WILLIE ATKINS,**

Appellant

 **v.**

**ROBERT HERRERA**
**AND BRAD LIVINGSTON,**

Appellees

_____

**From the 12th District Court**
**Walker County, Texas**
**Trial Court Nos. 26498 and 26530**

_____

## MEMORANDUM OPINION

_____

In appellate cause numbers 10-13-283-CV and 10-13-284-CV, appellant, Willie

Atkins, challenges the trial court's dismissal of his claims as frivolous.  We affirm.

### I.     BACKGROUND

During all relevant times, appellant has been incarcerated at the Pack, Estelle,

and Stiles Units in the Institutional Division of the Texas Department of Criminal

Justice.  On April 23, 2013, and May 10, 2013, appellant filed two separate pro se, in

forma pauperis petitions against numerous officials of the Texas Department of Criminal Justice ("TDCJ"). The April 23, 2013 petition corresponds with appellate cause number 10-13-283-CV, and the May 10, 2013 petition relates to appellate cause number 10-13-284-CV.

In his April 23, 2013 petition, appellant alleged that TDCJ officials subjected him to cruel and unusual punishment when they housed him with another offender with a history of serious altercations. Appellant also alleged that TDCJ officials violated his due-process rights by: (1) allowing his property to be lost or stolen; (2) denying him access to the courts; (3) failing to follow TDCJ policy; and (4) not providing him with a free copy of his grievances. In this petition, appellant sought declaratory relief, compensatory and punitive damages, attorney's fees, court costs, and injunctive relief.

In his May 10, 2013 petition, appellant asserted that TDCJ officials routinely charged him "and other offenders $100 annual health care services fee throughout TDCJ for medical services that are exempt from charges pursuant to Texas Government Code 501.063," as well as agency policy. Appellant further asserted that "for offenders who do complain and request refunds, reimbursement is delayed for up to 90 days, in an effort to squeeze every penny from interest accumulated with the exempt, unjustified funds." According to appellant, these actions amounted to cruel and unusual punishment and deliberate indifference and caused him mental anguish, emotional distress, loss of enjoyment, and financial hardship. Once again, appellant requested declaratory and injunctive relief, compensatory and punitive damages, attorney's fees, and court costs.

In response to both petitions, the Attorney General of Texas filed Amicus Curiae Chapter Fourteen Advisories, arguing that appellant's petitions should be dismissed as frivolous for failing to comply with chapter 14 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001-.014 (West 2002 & Supp. 2013). Thereafter, the trial court dismissed appellant's petitions as frivolous and for failing to comply with chapter 14, and as such, entered a take-nothing judgment. These appeals followed.

## II.   INMATE LITIGATION

Inmate litigation is governed by the procedural rules set forth in chapter 14 of the Texas Civil Practice and Remedies Code. *See id.* §§ 14.001-.014; *see also McBride v. Tex. Bd. of Pardons & Paroles*, No. 13-05-559-CV, 2008 Tex. App. LEXIS 1290, at *6 (Tex. App.—Corpus Christi Feb. 21, 2008, pet. denied) (mem. op.). The Texas Legislature enacted chapter 14 to control the flood of lawsuits filed in state courts by prison inmates, which consume valuable judicial resources with seemingly little offsetting benefit. *Hickson v. Moya*, 926 S.W.2d 397, 399 (Tex. App.—Waco 1996, no writ). This Court has noted:

> Prisoners have everything to gain and little to lose by filing frivolous suits. It costs them almost nothing; time is of no consequence to a prisoner; threats of sanctions are virtually meaningless; and the prisoner can look forward to a day trip to the courthouse. Thus, the temptation to file a frivolous suit is strong. Such suits, however, waste valuable resources and subject the state and its prison officials to the burden of unwarranted litigation, preventing claims with merit from being heard expeditiously.

*Id.* (internal citations omitted); *see Spellmon v. Sweeney*, 819 S.W.2d 206, 209 (Tex. App.—Waco 1991, no writ).

Generally, the dismissal of inmate litigation under chapter 14 is reviewed for abuse of discretion. *Brewer v. Simental*, 268 S.W.3d 763, 767 (Tex. App.—Waco 2008, no pet.). "To establish an abuse of discretion, an appellant must show the trial court's actions were arbitrary or unreasonable in light of all the circumstances. The standard is clarified by asking whether the trial court acted without reference to any guiding rules or principles." *Spurlock v. Schroedter*, 88 S.W.3d 733, 735-36 (Tex. App.—Corpus Christi 2002, pet. denied) (internal citations omitted). We may not substitute our judgment for that of the trial court with respect to the resolution of factual issues or matters committed to the trial court's discretion. *See In re Spooner*, 333 S.W.3d 759, 763 (Tex. App.—Houston [1st Dist.] 2010, orig. proceeding); *see also Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985). The judgment of the trial court will be affirmed if that judgment can be upheld on any reasonable theory supported by the evidence. *See Johnson v. Lynaugh*, 796 S.W.2d 705, 706-07 (Tex. 1990); *Ex parte E.E.H.*, 869 S.W.2d 496, 497-98 (Tex. App.—Houston [1st Dist.] 1993, writ denied); *Harris County Dist. Attorney's Office v. Burns*, 825 S.W.2d 198, 200 (Tex. App.—Houston [14th Dist.] 1992, writ denied). We consider only the evidence most favorable to the judgment, and if there is some evidence to support the judgment, we will affirm. *State v. Knight*, 813 S.W.2d 210, 211 (Tex. App.—Houston [14th Dist.] 1991, no writ).

### III. DETERMINATION OF INDIGENCY

A plaintiff may file an affidavit of indigence in lieu of paying court costs. TEX. R. CIV. P. 145. "A 'party who is unable to afford court costs' is defined as a person who is presently receiving government entitlement based on indigency or any other person who has no ability to pay costs." *Id.* at R. 145(a). The affidavit must contain complete information as to the party's identity, the nature and amount of governmental-entitlement income, nature and amount of employment income, other income (interest, dividends, etc.), spouse's income if available to the party, property owned (other than homestead), cash or checking account, dependents, debts, and monthly expenses. *Id.* at R. 145(b). A prisoner at a Texas Department of Criminal Justice facility who has no money or property is considered indigent. *Allred v. Lowry*, 597 S.W.2d 353, 355 (Tex. 1980). An inmate who has funds in his inmate account is not indigent. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.006(b)(1); *Donaldson v. Tex. Dep't of Criminal Justice – Corr. Inst. Div.*, 355 S.W.3d 722, 725 (Tex. App.—Tyler 2011, pet. denied); *McClain v. Terry*, 320 S.W.3d 394, 397 (Tex. App.—El Paso 2010, no pet.); *see also Mendoza v. Livingston*, No. 09-12-00594-CV, 2014 Tex. App. LEXIS 1855, at **7-8 (Tex. App.—Beaumont Feb. 20, 2014, no pet.) (mem. op.); *In re Yates*, No. 01-09-00031-CV, 2011 Tex. App. LEXIS 9633, at *4 (Tex. App.—Houston [1st Dist.] Dec. 8, 2011, no pet.) (mem. op.). Section 14.006(b) outlines a formula by which an inmate's funds can be utilized for payment of costs. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.006(b); *see also McClain*, 320 S.W.3d at 397.

Section 14.003(a) of the Texas Civil Practice and Remedies Code authorizes the dismissal of an indigent's inmate's suit if the court finds: (1) the allegation of poverty in

the affidavit or unsworn declaration is false; (2) the claim is frivolous or malicious; or (3) the inmate filed an affidavit or unsworn declaration required by this chapter that the inmate knew was false. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a). A trial court does not abuse its discretion in dismissing a suit when the plaintiff makes a false allegation of poverty. *See McClain*, 320 S.W.3d at 398 (citing *McCullough v. Dretke*, No. 02-07-000294-CV, 2008 Tex. App. LEXIS 6821, at **5-7 (Tex. App.—Fort Worth Sept. 11, 2008, no pet.) (per curiam)).

Here, the record reflects that appellant has a source of income and, thus, is not indigent. Specifically, when he filed his April 23, 2013 petition, appellant attached a certified copy of his inmate account, which revealed that $705 had been deposited in his inmate account in the previous six months. Additionally, this initial inmate-account report indicated that appellant had a current balance of $47.25, a six-month average balance of $227.60, and a high balance of $362 at the time he filed his first petition. However, shortly thereafter, appellant's inmate account balance had dwindled to $0.[1] Moreover, no deposits were made to appellant's inmate account in April 2013. Nevertheless, in his affidavits of indigence, appellant acknowledged receiving money

---

[1] In the certified copy of appellant's inmate account created on May 3, 2013, appellant's six-month deposits amounted to $605; his six-month average balance was $119.66; his six-month average deposit was $100.83; and his highest balance in April 2013 was $156.66. The Attorney General asserts that the fact that appellant's inmate-account balance dwindled to $0 at approximately the time he filed his second petition is suspicious and suggests manipulation.

from his family.[2]  Furthermore, in his May 10, 2013 affidavit of indigence, appellant stated that his family had contributed $405 to his inmate account in the last six months.

Based on the foregoing evidence, we find that the trial court could have concluded that appellant's allegations of poverty at the time of filing his petitions were false and, thus, subjected appellant's petitions to dismissal.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(1); *McClain*, 320 S.W.3d at 398 (concluding that an inmate was not indigent when he had six-month average balance of $184.92); *see also Mendoza*, 2014 Tex. App. LEXIS 1855, at **8-10 (concluding that the trial court did not abuse its discretion in dismissing Mendoza's suit for making false allegations about his ability to pay costs when Mendoza's inmate-account report showed that he had a balance of $6.15 when he filed his complaint; $690 in deposits in the previous six months; a six-month average balance of $32.21; and average deposits in the previous six months of $115); *McGoldrick v. Velasquez*, No. 13-12-00766-CV, 2013 Tex. App. LEXIS 9245, at **3-4 (Tex. App.—Corpus Christi July 25, 2013, no pet.) (mem. op.) (concluding that an inmate was not indigent when he had six-month total deposits of $453.42); *Vega v. Tex. Dep't of Criminal Justice-Corr. Inst. Div.*, No. 12-10-00149-CV, 2011 Tex. App. LEXIS 5888, at **5-7 (Tex. App.—Tyler July 29, 2011, no pet.) (mem. op.) (concluding that the trial court did not abuse its discretion in dismissing Vega's suit because he made a false allegation of

---

[2] Despite receiving money from his family on what appears to be a regular basis up to the time he filed his petitions in this matter, appellant asserted in his affidavits of indigence that:

> I, WILLIE ATKINS, declare, depose, and say I am the Plaintiff in the above entitled case. In support of my motion to proceed without being required to pre-pay fees, costs, or give security thereof, I state because if [sic] of my poverty, I am unable to pay in advance the filing fee for said proceedings or to give security for the filing fee.  I believe I am entitled to relief.

poverty in his declaration of inability to pay costs when Vega's inmate-account report reflected total deposits of $530 over the prior six months); *Foster v. Comal County Sheriff*, No. 03-08-00539-CV, 2009 Tex. App. LEXIS 6370, at **3-7 (Tex. App.—Austin Aug. 13, 2009, no pet.) (mem. op.) (concluding that an inmate was not indigent when he had total deposits of $551.63 in the three months surrounding the filing of his petition); *McCullough*, 2008 Tex. App. LEXIS 6821, at **7-8 (concluding that an inmate was not indigent when he had a six-month average balance of $184.92); *Estrada v. Angleton Bail Bonds*, No. 14-04-00166-CV, 2004 Tex. App. LEXIS 6485, at *5 (Tex. App.—Houston [14th Dist.] July 22, 2004, no pet.) (mem. op.) (concluding that there was no abuse of discretion in the trial court finding that appellant was able to pay costs when the certified copy of the inmate's account reflected deposits of over $350 during the preceding six-month period).

Because we uphold the trial court's judgment on any reasonable theory supported by the evidence, we cannot say that the trial court abused its discretion in dismissing appellant's petitions in this matter for failing to comply with chapter 14 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(1); *Johnson*, 796 S.W.2d at 706-07; *Ex parte E.E.H.*, 869 S.W.2d at 497-98; *Burns*, 825 S.W.2d at 200; *see also Brewer*, 268 S.W.3d at 767; *Spurlock*, 88 S.W.3d at 735-36. Accordingly, we overrule all of appellant's issues in both appellate cause numbers. *See* TEX. R. APP. P. 47.1.

**IV.     CONCLUSION**

We affirm the judgments of the trial court.


AL SCOGGINS
Justice


Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed June 5, 2014
[CV06]