**Ex parte E.E.H.**

**No. 01–93–00128–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 24, 1993.

Rehearing Overruled. Dec. 30, 1993.

William J. Delmore, III, Houston, for appellant.

William W. Burge, Houston, for appellees.

Before COHEN, MIRABAL and HEDGES, JJ.

## OPINION

HEDGES, Justice.

We are asked to construe TEX.CODE CRIM. P.ANN. art. 55.01(a)(2) that permits expunction of arrest records upon fulfillment of certain conditions. It is clear that upon fulfillment of certain prescribed conditions, all of the offenses charged arising from a single arrest can be expunged. In this case, we must decide whether the statute allows expunction of records of less than all of the offenses charged arising from a single arrest. Harris County District Attorney's Office (the District Attorney) appeals the trial court's order that a portion of E.E.H.'s arrest records be expunged. In two points of error, the District Attorney argues that the trial court erred in granting an expunction because E.E.H. did not meet the statutory requirements. We affirm.

In 1987, E.E.H. was arrested and charged with (1) felony possession of a controlled substance, (2) misdemeanor driving while intoxicated (DWI), and (3) misdemeanor possession of marihuana. A Harris County grand jury rendered a no bill on the felony offense of possession of a controlled substance. Thereafter, the State moved to dismiss the misdemeanor DWI charge, and appellee received a conditional discharge on the misdemeanor offense of possession of marihuana. This charge was dismissed after appellee successfully completed the terms of her probation.

Years later, when applying to veterinarian school, E.E.H. was asked whether she had ever been arrested for a felony. Inspired by this experience, she sought to have the records for the felony possession of a controlled substance and the misdemeanor DWI expunged. She did not seek the expunction of the misdemeanor possession offense for which she received a conditional discharge.

■ The District Attorney contends that because one of the three offenses was not susceptible of expunction, appellee is not entitled to expunction of the records of the

other two offenses. Article 55.01(a)(2) of the TEX.CODE CRIM.P.ANN. provides:

(a) A person who has been arrested for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if: (2) each of the following conditions exist: (A) an indictment or information charging him with commission of a felony has not been presented against him for an offense arising out of the transaction for which he was arrested or, if an indictment or information charging him with commission of a felony was presented, it has been dismissed and the court finds that it was dismissed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void; *(B) he has been released and the charge, if any, has not resulted in a final conviction and, is no longer pending and there was no court ordered probation under Article 42.12, Code of Criminal Procedure, nor a conditional discharge under Section 481.- 109 Health and Safety Code; and* (C) he has not been convicted of a felony in the five years preceding the date of the arrest.

Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 7.02, 1993 Tex.Gen.Laws 3589, 3766 (to be codified as TEX.CODE CRIM.P.ANN. art. 55.- 01(a)(2)) (emphasis added).[1] The District Attorney accurately points out the statute does not authorize expunction of the misdemeanor charge for which appellee received the conditional discharge.

■ The nature of the expunction statute is remedial, and it should be construed liberally. *State v. Arellano*, 801 S.W.2d 128, 130 (Tex.App.—San Antonio 1990, no writ). Appellee is entitled to expunction only if all the statutory conditions are met. *Harris County Dist. Atty's Office v. D.W.B.*, 860 S.W.2d 719, 721 (Tex.App.—Houston [1st Dist.] 1993, no writ). We will affirm the judgment of the trial court if it can be upheld

---

1. The statute was slightly different at the time of appellee's arrest, but such differences are not significant for our purposes.

on any reasonable theory supported by the evidence. *Harris County Dist. Atty's Office v. Burns,* 825 S.W.2d 198, 200 (Tex.App.—Houston [14th Dist.] 1992, writ denied). We consider only the evidence most favorable to the judgment, and if there is some evidence to support the judgment, we will affirm. *State v. Knight,* 813 S.W.2d 210, 211 (Tex. App.—Houston [14th Dist.] 1991, no writ).

Cognizant that E.E.H. cannot obtain expunction for the misdemeanor possession offense for which she received the conditional discharge, we examine the record to determine expunction eligibility of the other two offenses. The record shows that no indictment or information was presented for the offense of felony possession of a controlled substance. The dismissal at the State's behest of the misdemeanor DWI offense renders its record amenable to expunction. There is no dispute that appellee had not been convicted of a felony in the five years preceding her arrest. Therefore, if the statute permits expunction of less than all of the offenses arising from E.E.H.'s arrest, records of the felony possession and the misdemeanor DWI were properly expunged.

■ The District Attorney argues that because the record of the arrest is an indivisible unit, E.E.H. must satisfy the statutory requirements for *all* offenses arising from the arrest before any records may be expunged. We reject that interpretation and agree instead with E.E.H.'s contention that records of less than all the offenses stemming from one arrest may be expunged.[2] We have looked to the chapter as a whole for guidance on this issue.

Article 55.01, describing the right to expunction, initially suggests that the *arrest* may be expunged as a *unit* when it references entitlement "to have all records and files relating to the *arrest* expunged...." In article 55.01(a)(2), by contrast, the text speaks of "an *offense* arising out of the transaction for which he was arrested," implying that it is the *offense* that is the determinative factor, and that it may be segregated for separate

treatment. Similarly, article 55.02(4) allows segregation of records concerning separate *offenses:*

> Sec. 4. (a) If the state establishes that the petitioner is still subject to conviction for *an offense arising out of the transaction for which he was arrested* because the statute of limitations has not run and there is reasonable cause to believe that the state may proceed against him for *the offense,* the court may provide in its order that the law enforcement agency and the prosecuting attorney responsible for investigating the offense may retain any records and files that are necessary to the investigation.

TEX.CODE CRIM.P.ANN. art. 55.02(4)(a) (Vernon Supp.1993) (emphasis added). Under those circumstances, after certain conditions are met, the State may petition that "the law enforcement agency and the prosecuting attorney responsible for investigating the *offense*" be permitted to retain those records necessary to the investigation. *See Ex parte Aiken,* 766 S.W.2d 580 (Tex.App.—Dallas 1989, no writ) (emphasis added).

We hold that the statute permits expunction of less than all charges arising from a single arrest. Our reading of TEX.CODE CRIM.P.ANN. arts. 55.01–55.05 (Vernon Supp. 1993) as a whole persuades us that this interpretation is more plausible than that of the District Attorney. Further, the San Antonio court's exhortation to give the statute "the most comprehensive and liberal construction possible" inspires our decision. *Arellano,* 801 S.W.2d at 130. We perceive no public policy reason to limit the right of expunction to an "all or nothing" proposition.

■ In construing a statute, we look, among other factors, to the object sought to be obtained. TEX.GOV'T CODE ANN. § 311.023(1) (Vernon 1988). The legislature clearly intended that the expunction statute give a fresh start to individuals who had been wrongly charged. *Arellano,* 801 S.W.2d 128, 131–32. The District Attorney's plea, at oral

---

2. It is clear to the careful reader that TEX.CODE CRIM.P.ANN. arts. 55.01–55.05 (Vernon Supp. 1993) were drafted with the expectation that only one offense arises out of an arrest. The possibility of multiple offenses from a single arrest does not seem to have been within the drafter's contemplation.

argument, for historical accuracy of records is not nearly as persuasive as E.E.H.'s argument in favor of an appropriate remedy of an unjust stigma. *See id.* We believe that our more expansive construction of the expunction statute better reflects legislative intent and better serves public interest.

Our interpretation is bolstered by a recent holding of the Fourteenth Court of Appeals. In *State v. Knight*, 813 S.W.2d 210 (Tex. App.—Houston [14th Dist.] 1991, no writ), the defendant was charged with the felony offense of aggravated perjury and two misdemeanor counts of tampering with a governmental record. Under a plea agreement, Knight pled nolo contendere to one misdemeanor charge of tampering with a governmental record, for which he received deferred adjudication, in exchange for dismissal of charges on the other offenses. *Id.* at 211. He later petitioned the court to expunge his records for all three offenses. *Id.* The trial court granted his petition for expunction, and the State appealed. *Id.*

The appellate court held that Knight did not meet his burden on two of the offenses. First, because the felony had been dismissed in exchange for his plea of nolo contendere, that charge was not eligible for expunction under article 55.01(1), which requires that a felony indictment must have been dismissed under circumstances indicating lack of probable cause. *Id.* at 212. The misdemeanor to which he pled nolo contendere could not be expunged because Knight was sentenced to "court ordered probation" as excepted in article 55.01(2). Both parties agreed that the misdemeanor offense charge dismissed in fulfillment of the plea agreement could be expunged. The appellate court affirmed the trial court's order granting expunction of the records of the dismissed misdemeanor offense, but reversed on the felony charge and the other misdemeanor offense charge. *Knight*, 813 S.W.2d at 212. Although the issue of segregating offense charges arising from the same arrest was not squarely before the court and therefore was not specifically addressed, the court's holding clearly condones our decision that less than all offenses arising from a single arrest can be expunged.

We hold that the trial court properly ordered the expunction of the felony possession of a controlled substance offense and the misdemeanor DWI offense.

We overrule points of error one and two.

We affirm the order of the trial court.