

# IN THE
# TENTH COURT OF APPEALS

## No. 10-11-00245-CV

**RAUL ADAM TREVINO,**

                                                          **Appellant**

 **v.**

**LAWRENCE RAVENBURG AND TDCJ-ID,**

                                                          **Appellees**

---

**From the 52nd District Court**
**Coryell County, Texas**
**Trial Court No. COT-11-40347**

---

## MEMORANDUM OPINION

---

This is an inmate-litigation case under chapter 14 of the Texas Civil Practices and Remedies Code.  *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001-.014 (West 2002 & Supp. 2011).  In this appeal, appellant, Raul Adam Trevino, argues that the trial court improperly dismissed his claims pursuant to chapter 14.  *See id.* §§ 14.001-.014.  We affirm.[1]

---

[1] Trevino has filed many motions with this Court.  Among his filings is a motion for a liberal reading of his pleadings.  We note that "a pro se inmate's petition should be viewed with liberality and patience and is not held to the stringent standards applied to formal pleadings drafted by attorneys."

I.     BACKGROUND

The dispute in this case centers on Trevino's allegations that appellees, Warden Devery Mooneyham, Lawrence Rivenburg, and Susan Wilburn, retaliated against him by allegedly throwing away his religious property because Trevino had previously filed a life-endangerment claim against appellees.[2] Specifically, Trevino alleged in his original petition, which was filed on January 18, 2011, that Rivenburg threw away several of his religious magazines and books after taking them out of their mailing envelopes; that these actions violated his First Amendment right to freedom of religion; and that he is entitled to more than $310,000 in damages.[3] Attached to Trevino's January 18, 2011 original petition are two grievance forms that he had previously filed.

On January 30, 2009, Trevino filed his Step 1 grievance asserting allegations that are substantially similar to those made in his original petition. Trevino asserted that he put his name and Texas Department of Criminal Justice ("TDCJ") number inside the cover of two books and that all of the confiscated materials were contained in mailing

---

*Minix v. Gonzales*, 162 S.W.3d 635, 637 (Tex. App.—Houston [14th Dist.] 2005, no pet.). However, despite this principle, pro se litigants must abide by the same standards as licensed attorneys and comply with applicable laws and rules of procedure. *See Amir-Sharif v. Mason*, 243 S.W.3d 854, 856-58 (Tex. App.—Dallas 2008, no pet.) (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978)). Because we are required to view Trevino's pleadings liberally, we dismiss Trevino's motion for a liberal reading of his pleadings as moot; furthermore, we dismiss all other pending motions as moot.

[2] Mooneyham, Rivenburg, and Wilburn's employer, the Texas Department of Criminal Justice ("TDCJ"), is also named as an appellee in this case. In addition, Trevino mistakenly identified Rivenburg as Ravenburg in all of his filings with this Court and the trial court.

[3] Trevino asserted that Rivenburg was under the direct supervision of Mooneyham, so Mooneyham is responsible for Rivenburg's alleged actions. Furthermore, Trevino alleged that Wilburn is liable because she facilitated Rivenburg's "malicious and reckless disregard" by failing to grant Trevino relief in his Step 2 grievance. Trevino named TDCJ as a party to this suit because he claims that TDCJ has a duty to protect his religious freedoms.

envelopes that had his name and TDCJ number on the outside. However, he later acknowledged that "all these magazines [and] booklets did not have my name and number on them."[4] After investigating Trevino's complaints, prison officials discovered that "all books and magazines that [Administrative Segregation Property Officer Baker] had were returned to [Trevino]"; thus, no further action was warranted. Trevino's Step 1 grievance was returned to him on February 5, 2009.

Trevino filed a Step 2 grievance pertaining to this matter on February 9, 2009. In this grievance, Trevino complained that prison officials did not properly investigate whether Rivenburg had thrown away any of Trevino's religious materials. Prison officials conducted a second investigation into Trevino's claims and concluded that:

> there is no evidence to support your allegations of any staff misconduct or that staff is responsible for your loss. You self[-]admitted to not having your name and number on some of the items confiscated. The property officer said all items that belonged to you were returned to you. This issue was appropriately addressed at the Step 1 Level. No further action warranted by this office.

It is undisputed that this grievance was returned to Trevino on April 22, 2009.

In response to Trevino's January 18, 2011 original petition, appellees filed an original answer and jury demand on February 14, 2011. Appellees later moved for the dismissal of Trevino's claims under chapter 14 of the Texas Civil Practice and Remedies Code on several grounds, including an alleged failure to exhaust administrative remedies. *See id.* §§ 14.001-.014. Trevino filed a response and numerous objections to

---

[4] Appellees included with their motion to dismiss an "Administrative Directive" regarding offender property, which states that it is TDCJ policy that all property in the inmate's possession must have their name and TDCJ number printed on each item and that a failure to comply with this directive subjects the property to confiscation.

appellees' motion to dismiss. After a hearing, the trial court granted appellees' motion to dismiss on March 31, 2011. In its order, the trial court did not state the grounds upon which it granted appellees' motion.

After the trial court entered its dismissal order, Trevino filed numerous post-judgment motions, including a motion for new trial and a motion for reinstatement. All of Trevino's post-judgment motions were denied, and this appeal followed.

## II. INMATE LITIGATION

Inmate litigation is governed by the procedural rules set forth in chapter 14 of the Texas Civil Practice and Remedies Code. *See id.* §§ 14.001-.014; *see also McBride v. Tex. Bd. of Pardons & Paroles*, No. 13-05-559-CV, 2008 Tex. App. LEXIS 1290, at *6 (Tex. App.—Corpus Christi Feb. 21, 2008, pet. denied) (mem. op.). The Texas Legislature enacted chapter 14 to control the flood of lawsuits filed in state courts by prison inmates, which consume valuable judicial resources with seemingly little offsetting benefit. *Hickson v. Moya*, 926 S.W.2d 397, 399 (Tex. App.—Waco 1996, no writ). This Court has noted:

> Prisoners have everything to gain and little to lose by filing frivolous suits. It costs them almost nothing; time is of no consequence to a prisoner; threats of sanctions are virtually meaningless; and the prisoner can look forward to a day trip to the courthouse. Thus, the temptation to file a frivolous suit is strong. Such suits, however, waste valuable resources and subject the state and its prison officials to the burden of unwarranted litigation, preventing claims with merit from being heard expeditiously.

*Id.* (internal citations omitted) (citing *Spellmon v. Sweeney*, 819 S.W.2d 206, 209 (Tex. App.—Waco 1991, no writ)).

Generally, the dismissal of inmate litigation under chapter 14 is reviewed for abuse of discretion. *Brewer v. Simental*, 268 S.W.3d 763, 767 (Tex. App.—Waco 2008, no pet.). "To establish an abuse of discretion, an appellant must show the trial court's actions were arbitrary or unreasonable in light of all the circumstances. The standard is clarified by asking whether the trial court acted without reference to any guiding rules or principles." *Spurlock v. Schroedter*, 88 S.W.3d 733, 735-36 (Tex. App.—Corpus Christi 2002, pet. denied) (internal citations omitted). We may not substitute our judgment for that of the trial court with respect to the resolution of factual issues or matters committed to the trial court's discretion. *See In re Spooner*, 333 S.W.3d 759, 763 (Tex. App.—Houston [1st Dist.] 2010, orig. proceeding); *see also Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985). The judgment of the trial court will be affirmed if that judgment can be upheld on any reasonable theory supported by the evidence. *Ex parte E.E.H.*, 869 S.W.2d 496, 497-98 (Tex. App.—Houston [1st Dist.] 1993, writ denied); *Harris County Dist. Attorney's Office v. Burns*, 825 S.W.2d 198, 200 (Tex. App.—Houston [14th Dist.] 1992, writ denied). We consider only the evidence most favorable to the judgment, and if there is some evidence to support the judgment, we will affirm. *State v. Knight*, 813 S.W.2d 210, 211 (Tex. App.—Houston [14th Dist.] 1991, no writ).

### III.   THE TRIAL COURT'S ORDER OF DISMISSAL

Inmate complaints about the actions of TDCJ employees are subject to the grievance procedure. *See Leachman v. Dretke*, 261 S.W.3d 297, 308 (Tex. App.—Fort Worth 2008, no pet.); *see also* TEX. GOV'T CODE ANN. § 501.008 (West 2004) (outlining the

Inmate Grievance System). An inmate must exhaust his administrative remedies before filing suit in state court. TEX. GOV'T CODE ANN. § 501.008(d). Failure to exhaust administrative remedies is grounds for dismissal under Chapter 14 of the Texas Civil Practice and Remedies Code. *See Leachman*, 261 S.W.3d at 309; *see also Retzlaff v. Tex. Dep't of Criminal Justice*, 94 S.W.3d 650, 653 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (holding that a claim has no arguable basis in law if an inmate has failed to exhaust his administrative remedies). In fact, the trial court must dismiss the suit if the inmate's claim is subject to the grievance system and "the inmate fails to file the claim before the 31st day after the date the inmate receives the written decision from the grievance system." TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b); *see Retzlaff*, 94 S.W.3d at 653; *see also Allen v. Stephenson*, No. 14-11-00102-CV, 2012 Tex. App. LEXIS 1827, at *3 (Tex. App.—Houston [14th Dist.] Mar. 8, 2012, no pet. h.) (mem. op.).

Here, the trial court's order did not specify the grounds for dismissal, and it is undisputed that Trevino's claims were subject to the grievance system. As noted earlier, we will uphold the trial court's judgment on any reasonable theory supported by the evidence. *See Ex parte E.E.H.*, 869 S.W.2d at 497-98; *Burns*, 825 S.W.2d at 200. The record reflects that Trevino's Step 2 grievance was resolved and returned to him on April 22, 2009. Under section 14.005(b) of the Texas Civil Practice and Remedies Code, Trevino was required to file his original petition within thirty-one days of April 22, 2009. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b). However, the record reflects that Trevino did not file his original petition in this matter until January 18, 2011, more than a year and a half after his Step 2 grievance was resolved and returned.

Though the record demonstrates more than a year-and-a-half time lag between the resolution of his Step 2 grievance and the filing of his lawsuit, Trevino argues that he mailed his lawsuit on May 22 and 23, 2009; therefore, his lawsuit was timely. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b); *see also Warner v. Glass*, 135 S.W.3d 681, 684 (Tex. 2004) ("[A] pro se inmate's claim under section 14.004 of the Inmate Litigation Act is deemed filed at the time the prison authorities duly receive the document to be mailed.").[5] He also argues, without providing support, that the Coryell County District Clerk refused to file his lawsuit.

The record contains copies of the envelopes in which he sent many of his filings to the trial court. On these envelopes, a postmark date is clearly indicated. However, Trevino does not provide any such envelopes or direct us to any part of the record supporting his bald assertion that he mailed his original petition in two separate packages on May 22 and 23, 2009. Moreover, Trevino attached to his original petition a letter from the Coryell County District Clerk dated July 15, 2009. In this letter, Trevino was informed of the following: "We do not find a case on you filed in our Court. If you would like to file a civil suit you'll need to send in a petition along with the rest of the

---

[5] Trevino also asserts that the relation-back doctrine, as articulated in section 16.068 of the Texas Civil Practice and Remedies Code, applies in this case. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.068 (West 2008). We disagree. Specifically, section 16.068 provides that:

> If a filed pleading relates to a cause of action, cross action, counterclaim, or defense that is not subject to a plea of limitation when the pleading is filed, a subsequent amendment or supplement to the pleading that changes the facts or grounds of liability or defense is not subject to a plea of limitation unless the amendment or supplement is wholly based on a new, distinct, or different transaction or occurrence.

*Id.* In the present case, the record does not indicate that Trevino timely filed his original petition—the filing he wishes to relate back to; thus, we cannot say that section 16.068 applies in this case. *See id.*

correct paper work to be filed." The response of the Coryell County District Clerk suggests that Trevino's original petition was never received. In addition, the record contains two "Open Records Access Requests" that Trevino filed with the prison's Law Library Supervisor. In these requests, Trevino sought correspondence logs for the mailroom. Prison officials responded that: (1) they do not verify the mail; and (2) the information Trevino wanted is not part of the prison's "open records. You have to go through open records [with a] court order to obtain these." The record does not show that Trevino sought a court order to obtain the information he sought, which may or may not have supported his assertion regarding the mailing of his original petition.

Based on the record before us, we cannot say that Trevino timely filed his original petition and, in turn, exhausted his administrative remedies. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b); *see Retzlaff*, 94 S.W.3d at 653; *see also Allen*, 2012 Tex. App. LEXIS 1827, at *3. Accordingly, we conclude that the trial court did not abuse its discretion in dismissing Trevino's complaints. *See Brewer*, 268 S.W.3d at 767; *Leachman*, 261 S.W.3d at 309; *Schroedter*, 88 S.W.3d at 736; *see also Hamilton v. Williams*, 298 S.W.3d 334, 340 (Tex. App.—Fort Worth 2009, pet. denied) (holding that an appellate court may affirm dismissal of inmate litigation for failure to exhaust administrative remedies); *Retzlaff*, 94 S.W.3d at 653 (same). We therefore overrule all of Trevino's issues.

## IV. CONCLUSION

We affirm the judgment of the trial court.

AL SCOGGINS
Justice


Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed April 25, 2012
[CV06]