**Opinion issued February 5, 2015**



In The

# Court of Appeals

For The

# First District of Texas

—————————————————

## NO. 01-14-00168-CV

—————————————————

## IN RE EXPUNCTION

———

**On Appeal from the 212th District Court**
**Galveston County, Texas**
**Trial Court Case No. 13-CV-1100**

———

## OPINION

The State of Texas appeals from an order of expunction of criminal records granted to Philip Dean Cassidy. We reverse and render judgment denying expunction.

## Background

On October 6, 2011, Cassidy was arrested and charged with indecency with a child by sexual contact, criminal attempt, a felony of the third degree, in a Texas district court. *See* TEX. PENAL CODE ANN. §§ 21.11(a)(1) (defining crime of indecency with a child by sexual contact), 21.11(d) (defining same as second-degree felony), 15.01(a) (defining criminal attempt), 15.01(d) (criminal attempt is offense "one category lower" than attempted offense) (West 2012). On November 20, 2012, Cassidy pleaded nolo contendere to a misdemeanor charge of assault causing bodily injury in exchange for dismissal of the felony charge. *See id.* §§ 22.01(a)(1) (defining offense of assault causing bodily injury), 22.01(b) (defining same as Class A misdemeanor) (West 2012).

In August 2013, Cassidy filed a petition for expunction in the trial court, asking that all records and files related to his arrest for the felony charge be expunged, pursuant to Article 55.01(a)(2) of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2) (West Supp. 2013). The district attorney of Galveston County, on behalf of the State of Texas, and the Texas Department of Public Safety filed answers denying Cassidy's right to relief.

After a hearing at which only Cassidy testified, the trial court granted Cassidy's petition and ordered the records related to the October 6, 2011 arrest

expunged. The State filed a motion for new trial, which was overruled by operation of law. The State now appeals.

The State raises two arguments on appeal. First, it argues that an expunction applies to an entire arrest, not to individual charges resulting from an arrest, and both Cassidy's felony and misdemeanor charges resulted from the same arrest. Second, the State argues that Cassidy bore and failed to meet the burden to prove his entitlement to expunction of the felony offense.

## Standard of Review

This Court reviews a trial court's grant or denial of a petition for expunction under an abuse of discretion standard. *Tex. Dep't of Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *Heine v. Tex. Dep't of Pub. Safety*, 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied). A trial court abuses its discretion if it renders a decision that is arbitrary, unreasonable, or without reference to guiding rules and principles. *Mercedes–Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996); *J.H.J.*, 274 S.W.3d at 806. When, as here, the trial court makes no findings of fact separate from the order granting the expunction, we draw every reasonable inference that is supported by the record in favor of the trial court's judgment. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *J.H.J.*, 274 S.W.3d at 806. A trial court's legal conclusions, however, we review de novo. *State v. Heal*, 917 S.W.2d 6, 9 (Tex.

3

1996); *J.H.J.*, 274 S.W.3d at 806. A trial court has no discretion in determining what the law is or applying the law to the facts. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). We will uphold a trial court's legal conclusions if its judgment is sustainable on any legal theory supported by the evidence. *J.H.J.*, 274 S.W.3d at 806.

Expunction is a statutory privilege, not a constitutional or common-law right. *Id.*; *McCarroll v. Tex. Dep't of Pub. Safety*, 86 S.W.3d 376, 378 (Tex. App.—Fort Worth 2002, no pet.). Further, although the expunction statute is located in the Texas Code of Criminal Procedure, an expunction proceeding is civil rather than criminal in nature. *J.H.J.*, 274 S.W.3d at 806; *Harris Cnty. Dist. Att'y v. Lacafta*, 965 S.W.2d 568, 569 (Tex. App.—Houston [14th Dist.] 1997, no pet.). "The petitioner therefore carries the burden of proving that all statutory requirements have been satisfied." *J.H.J.*, 274 S.W.3d at 806; *Harris Cnty. Dist. Att'y v. Hopson*, 880 S.W.2d 1, 3 (Tex. App.—Houston [14th Dist.] 1994, no writ). The petitioner is entitled to expunction only after satisfying all statutory conditions. *J.H.J.*, 274 S.W.3d at 806; *Lacafta*, 965 S.W.2d at 569. The trial court must strictly comply with the statutory requirements, and neither this Court nor the trial court has any equitable power to extend the protections of the expunction statute beyond its stated provisions. *See J.H.J.*, 274 S.W.3d at 806; *Lacafta*, 965 S.W.2d at 569.

Expunction of criminal records is governed by Article 55.01 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 55.01(a) (West 2012). A person may seek expunction for one of three reasons, each subject to certain restrictions. First, he may argue that he has been arrested and placed on trial, but either was acquitted or was convicted and subsequently pardoned. *Id.* art. 55.01(a)(1). Second, he may argue that he "has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Article 42.12 for the offense," subject to additional requirements. *Id.* art. 55.01(a)(2). Third, he may seek expunction if he was tried for and convicted of the offense for which he was arrested, but was acquitted on appeal. *Id.* art. 55.01(b). Because Cassidy was not placed on trial, Articles 55.01(a)(1) and 55.01(b) are irrelevant to this appeal, and only Article 55.01(a)(2) is relevant.

A petitioner for expunction under Article 55.01(a)(2) must satisfy additional requirements, depending on factors such as the category of crime charged and whether additional charges were brought based on the same transaction for which the person was arrested. *Id.* art. 55.01(a)(2). Specifically, the statute requires, in relevant part, that:

> (A)    regardless of whether any statute of limitations exists for the offense and whether any limitations period for the offense has expired, an indictment or information charging the person with the commission of a misdemeanor offense based

5

on the person's arrest or charging the person with the commission of any felony offense arising out of the same transaction for which the person was arrested:

(i) has not been presented against the person at any time following the arrest, . . . .; or

(ii) if presented at any time following the arrest, was dismissed or quashed, and the court finds that the indictment or information was dismissed or quashed because the person completed a pretrial intervention program authorized under Section 76.011, Government Code, or because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense, or because the indictment or information it was void; or

(B) prosecution of the person for the offense for which the person was arrested is no longer possible because the limitations period has expired.

*Id.*

A plea of nolo contendere has the same legal effect as a plea of guilty, except that the former "may not be used against the defendant as an admission in any civil suit based upon or growing out of the act upon which the criminal prosecution is based."  TEX. CODE CRIM. PROC. ANN. art. 27.02(5) (West 2012); *see also Ellerbe v. State*, 80 S.W.3d 721, 723 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd).

**Nature of Expunction**

In its first issue, the State argues that expunction is available solely at the level of an arrest and not at the level of individual offenses charged on the basis of

a given arrest. In other words, Cassidy is entitled to expunction of criminal records only if he can satisfy the requirements of the expunction statute with respect to all criminal charges arising from the arrest. The State then argues that Cassidy has failed to establish that he was entitled to expunction because he pleaded nolo contendere to a misdemeanor charge arising from the same arrest that led to the felony charge.

Cassidy raises three arguments in response. First, he contends that he was arrested not once but twice, once for each charge. Second, he argues that the misdemeanor charge of assault causing bodily injury is not a lesser-included offense of indecency with a child. Finally, he argues that this Court's binding precedent requires us to hold that expunction is available on a per-offense basis rather than a per-arrest basis. We will address Cassidy's third argument first.

## A. Stare decisis

We have previously considered whether expunction applies to an entire arrest or may apply to individual charges. In *Ex parte E.E.H.*, 869 S.W.2d 496 (Tex. App.—Houston [1st Dist.] 1993, writ denied), we considered a case in which E.E.H. had been arrested and charged with one felony drug charge, misdemeanor driving while intoxicated, and misdemeanor possession of marijuana. *Id.* at 497. The grand jury returned a no bill on the felony offense, the State moved to dismiss the DWI charge, and E.E.H. received a conditional discharge on the possession of

marijuana charge. *Id.* The latter was dismissed after E.E.H. completed the terms of her probation, and E.E.H. later petitioned for expunction of the felony charge and the DWI charge. *Id.* We held that Article 55.01 in its then-effective form "permits expunction of less than all charges arising from a single arrest." *Id.* at 498.

We based our holding in *Ex parte E.E.H.* on several factors. First, E.E.H. was never formally charged with the felony by indictment or information. *Id.* Second, we emphasized that the State had moved for dismissal of the DWI charge, which "render[ed] its record amenable to expunction." *Id.* Third, we noted that E.E.H. had not been convicted of a felony in the five years preceding her arrest, a condition of the then-effective form of Article 55.01(a). *Id.* Considering all of these factors, we reviewed the chapter as a whole, particularly Article 55.02(4). *Id.* Article 55.02(4) provides that certain law enforcement agencies and prosecuting attorneys may retain records necessary to the investigation of an offense "[i]f the state establishes that the person who is the subject of an expunction order is still subject to conviction for an offense arising out of the same transaction for which the person was arrested because the statute of limitations has not run and there is reasonable cause to believe that the state may proceed against the person for the offense." TEX. CODE CRIM. PROC. ANN. art. 55.02(4)(a) (West 2012). We "perceive[d] no public policy reason to limit the right of expunction to an 'all or

nothing' proposition." *Ex parte E.E.H.*, 869 S.W.2d at 498. We also noted a decision of our sister court, *State v. Knight*, 813 S.W.2d 210 (Tex. App.—Houston [14th Dist.] 1991, no writ), in which that court allowed expunction of records related to one offense out of three that resulted from a single arrest. 813 S.W.2d at 212.

The doctrine of stare decisis requires us to treat as binding the precedents of higher courts, as well as our own precedents unless overruled by a higher court or abrogated by statute. *See Weiner v. Wasson*, 900 S.W.2d 316, 320 (Tex. 1995) ("Generally, we adhere to our precedents for reasons of efficiency, fairness, and legitimacy."); *Gutierrez v. Collins*, 583 S.W.2d 312, 317 (Tex. 1979) (doctrine of stare decisis "creates a strong presumption in favor of the established law"). "Stare decisis has its greatest force in cases construing statutes, partly because our errors may be corrected by statutory amendments." *Fiess v. State Farm Lloyds*, 202 S.W.3d 744, 749 (Tex. 2006).

Cassidy argues that *Ex parte E.E.H.* is binding and requires us to affirm the trial court's decision in this case. Because intervening changes to the statutory text have changed its meaning, we disagree.

In the more than 20 years since we decided *Ex parte E.E.H.*, the legislature has amended Article 55.01 of the Code of Criminal Procedure 9 times.[1] Of particular relevance to this appeal, in 2011, the legislature essentially rewrote Article 55.01(a)(2) to prohibit expunction unless the applicant has been acquitted or pardoned or the applicant has been released and at least one of three further conditions is met. *See* Act of May 25, 2011, 82nd Leg., R.S., ch. 690 (H.B. 351), § 1, 2011 Tex. Gen. Laws. 1653, 1653–54; Act of May 25, 2011, 82nd Leg., R.S., ch. 894 (S.B. 462), § 1, 2011 Tex. Gen. Laws. 2275, 2275–76. First, the applicant for expunction can show that he has not been charged by indictment or information with "a misdemeanor offense based on the person's arrest or . . . the commission of any felony offense arising out of the same transaction for which the person was arrested," and certain amounts of time have elapsed. TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)(A)(i). Second, if so charged, the applicant may show that the indictment or information was dismissed or quashed for one of certain specified reasons. *Id.* art. 55.01(a)(2)(A)(ii). Finally, the applicant may show that prosecution "for the offense for which [he] was arrested is no longer possible because the limitations period has expired." *Id.* art. 55.01(a)(2)(B).

---

[1] *See* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, Sec. 7.02(a), 1993 Tex. Gen. Laws 3586, 3763 (amended 1999, 2001 (twice), 2003, 2005, 2007, 2009, 2011 (twice)).

10

The legislature's 2011 changes to Article 55.01 give it a drastically different meaning from the statute that we had before us when we decided *Ex parte E.E.H.* Among other changes, the statute in effect at that time made greater distinctions than the current version makes between felony and misdemeanor offenses, did not address the limitations period at all, and did not impose any waiting period after the arrest in the absence of an indictment or information. *Ex parte E.E.H.*, 869 S.W.2d at 496. By contrast, the current version of the statute gives significantly more weight to indictments or informations for additional offenses arising out of the same arrest or based on the same criminal transaction. Specifically, once the applicant has been charged by indictment or information with any misdemeanor based on the arrest or any felony arising out of the same transaction for which he was arrested, the applicant must show that he was acquitted or pardoned, that the indictment or information was dismissed for statutorily-specified reasons, or that the limitations period applicable to the offense for which he was arrested has expired. TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(1)–(2). Until one of those conditions has been met, the current version of Article 55.01 prohibits expunction of any records or files related to an arrest that resulted in presentation of an indictment or information. Our holding in *Ex parte E.E.H.* has thus been abrogated by subsequent legislative action.

11

This case is similar to *Texas Department of Public Safety v. Dicken*, 415 S.W.3d 476 (Tex. App.—San Antonio 2013, no pet.), in which the court of appeals concluded that Article 55.01 in its present form requires an "arrest-based" approach to expunctions. *Id.* at 479. In that case, the applicant was arrested and charged, in separate charging instruments, with felony possession of a controlled substance and DWI, both charges resulting from the same arrest. *Id.* at 478–79. He pleaded no contest to the DWI charge and agreed to be placed on community supervision, in exchange for dismissal of the felony charge. *Id.* The court of appeals therefore concluded that Dicken had failed to show that his felony charge was dismissed without resulting in "court-ordered community supervision" within the meaning of the expunction statute. *Id.* at 480. In light of the amendments to Article 55.01, we agree with this reasoning.

The other courts that have considered Article 55.01 in recent years have also concluded that the legislature intended to make expunction applicable to entire arrests, not individual charges. For example, the court of appeals in Austin held, "Viewing the statute as a whole and keeping in mind its general purpose of permitting the expunction of wrongful arrests, we conclude that a person is not entitled to have any arrest records arising from a multi-charge arrest expunged under article 55.01(a)(2) when (1) one or more charges result in a conviction (for that particular charge) and (2) any remaining charge is dismissed, but that

12

dismissal results in a final conviction of *any* charge arising from the same arrest." *Tex. Dep't of Pub. Safety v. G.B.E.*, ___ S.W.3d ___, No. 03-13-00017-CV, 2014 WL 1165854, at *6 (Tex. App.—Austin Mar. 20, 2014, pet. denied). The court of appeals in Waco also recently considered this issue and similarly held, "chapter 55, from top to bottom, appears to maintain an arrest as the unit of expunction and provides relief relating to arrests rather than charges." *S.J. v. State*, 438 S.W.3d 838, 843 (Tex. App.—Fort Worth 2014, no pet.).

We hold that Article 55.01 applies to all charges brought against Cassidy as a result of his October 6, 2011 arrest. Accordingly, to obtain expunction, he must demonstrate that the entire arrest is subject to expunction.

## B.      Number of arrests

Cassidy argues, however, that his misdemeanor charge did not arise out of his October 6, 2011 arrest, but that he was actually arrested twice. In his view, the second arrest occurred when he presented himself to the County Court at Law to enter a plea in connection with the misdemeanor. Thus, no community supervision resulted from his first arrest.[2]

---

[2]      In connection with this argument, Cassidy argues that various documents attached to the State's brief are not part of the record and were never introduced into evidence. Cassidy argues that the State thus failed to demonstrate various facts that would tend to defeat Cassidy's application for expunction. The State, however, bore no such burden; rather, Cassidy bore the burden to demonstrate his entitlement to expunction. *Tex. Dep't of Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *Harris Cnty. Dist. Att'y v. Hopson*, 880 S.W.2d 1, 3 (Tex. App.—Houston [14th Dist.] 1994, no writ); *Harris*

We reject Cassidy's argument. As a threshold matter, we note that he did not make this argument in the trial court, and there is nothing in the record regarding his appearance before the County Court at Law. For example, nothing in the record indicates whether Cassidy was in the custody of law enforcement already at the time of the appearance or appeared voluntarily. Cassidy testified only that the State made "an offer that they would refile an assault charge and place [him] on one-year deferred. . . . [a]nd dismiss the sexual assault allegations." The manner in which this occurred is totally absent from Cassidy's testimony. Yet, because the State filed a general denial in this case, all facts supporting Cassidy's petition were placed at issue, and Cassidy bore the burden to demonstrate all facts necessary to support his petition. *Tex. Dep't of Pub. Safety v. Moran*, 949 S.W.2d 523, 526 (Tex. App.—San Antonio 1997, no writ.); TEX. R. CIV. P. 92; *see also Ex parte McNamara*, Nos. 04-13-00099-CV, 04-13-00100-CV, 04-13-00101-CV, 2014 WL 1242356, at *2 (Tex. App.—San Antonio Mar. 26, 2014, no pet.).

We also note that Cassidy presents no legal support pertinent to his argument. *See* TEX. R. APP. P. 38.1(i). He relies entirely on *Harris County District Attorney's Office v. Burns,* 825 S.W.2d 198 (Tex. App.—Houston [14th Dist.]

---

*Cnty. Dist. Att'y v. Lacafta*, 965 S.W.2d 568, 569 (Tex. App.—Houston [14th Dist.] 1997, no pet.). Moreover, our decision rests entirely on the evidence, including judicial admissions, put forward by Cassidy himself.

14

1992, writ denied), in which our sister court held that an applicant for expunction had been arrested when he learned of a warrant for his arrest and voluntarily appeared in the issuing court. *Id.* at 202. He then spoke to the bailiff and waited for approximately an hour before being released on a bond. *Id.* Our sister court concluded that this constituted an arrest for purposes of the expunction statute. *Id.*

But the facts of Cassidy's case are entirely different from those in *Burns*. It would be illogical for us to conclude that the misdemeanor charge *resulted from* Cassidy's appearance in county court, when that appearance was itself *prompted by* the charge in question. Rather, Cassidy was arrested once, in October 2011, and both charges against him were brought as a result of that arrest. By his own admission, the misdemeanor charge was brought as part of a plea bargain related to the felony for which he was arrested. His appearance in the County Court at Law—about which, again, the record contains no detail—therefore resulted from the October 2011 arrest.

The record does not support Cassidy's argument that he was arrested twice.[3]

## C. Lesser-included offense

Cassidy also responds to the State by arguing that expunction is proper because the misdemeanor charge of assault causing bodily injury is not a lesser-included offense of the felony charge of indecency with a child, criminal attempt.

---

[3] For the reasons stated in our discussion of the State's second issue, our holding would be the same even if he had been arrested twice.

15

While it is true that the State argued at the expunction hearing that the misdemeanor charge was a lesser-included offense of the felony, the State does not make this argument on appeal. The argument, moreover, is irrelevant. Nothing in Article 55.01 or in the case law interpreting it requires either the State or an applicant for expunction to demonstrate that one charge is or is not a lesser-included offense of another. Rather, Article 55.01's focus is on the severity of the charges resulting from an arrest or criminal transaction and on their dispositions, not on their legal relationship to each other. We reject Cassidy's argument.

Because we hold that expunction applies to arrests, not individual offenses, we sustain the State's first issue.

### Cassidy's Entitlement to Expunction

We now must consider the State's second issue, whether Cassidy demonstrated that he was entitled to expunction of all records and files related to his arrest.[4] It is undisputed that he was not acquitted or convicted on the felony

---

[4] Cassidy argues that the State has waived all arguments other than challenging the expunction order on the basis of the statute of limitations. We disagree. The State identified limitations, the misdemeanor plea, and Cassidy's general failure to demonstrate that he had satisfied all requirements of Article 55.01 as reasons for denial of the application. More importantly, Cassidy bore the burden to demonstrate that he had met the statute's requirements. *J.H.J.*, 274 S.W.3d at 806; *Hopson*, 880 S.W.2d at 3; *Lacafta*, 965 S.W.2d at 569. Even when the State does not appear at all in the trial court, we must reverse an order of expunction if the applicant fails to meet this burden. *Ex parte McNamara*, Nos. 04-13-00099-CV, 04-13-00100-CV, 04-13-00101-CV, 2014 WL 1242356, at *4 (Tex. App.—San Antonio Mar. 26, 2014, no pet.); *Tex. Dep't of Pub. Safety v. Moran*, 949 S.W.2d 523, 525–26 (Tex. App.—San Antonio 1997, no writ.); *see also Tex. Dep't of Pub.*

charge, that the felony charge is no longer pending, and that he was not placed under court-ordered community supervision for that particular offense pursuant to Article 42.12. Thus, only the additional requirements of Article 55.01(a)(2) are at issue.

Cassidy could meet his evidentiary burden by satisfying either Article 55.01(a)(2)(A), relating to charges resulting in presentation of an indictment or information, or Article 55.01(a)(2)(B), relating to the statute of limitations. We consider each possibility in turn.

## A.    Article 55.01(a)(2)(A)

To obtain expunction under Article 55.01(a)(2)(A), Cassidy must make one of two showings. First, he could show that "an indictment or information charging [him] with the commission of a misdemeanor offense based on [his] arrest or charging the person with the commission of any felony offense arising out of the same transaction for which the person was arrested (i) has not been presented . . . ." TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)(A)(i). Alternatively, he could show that such an indictment or information was presented, but was dismissed or quashed because he completed a pretrial intervention program or "because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe

---

*Safety v. Stockton*, 53 S.W.3d 421, 425 (Tex. App.—San Antonio 2001, pet. denied).

17

the person committed the offense, or because the indictment or information was void." *Id.* art. 55.01(a)(2)(A)(ii).

Cassidy cannot meet the first test because he admitted in his answer that "[a]n indictment was presented against [him] for an offense arising out of the transactions for which he was arrested." This is a judicial admission and binding upon Cassidy, the trial court, and this Court. *See*, *e.g.*, *Tex. Dep't of Pub. Safety v. Six*, 25 S.W.3d 368, 370 (Tex. App.—Fort Worth 2000, no pet.).

Cassidy also failed to show that he met the requirements of Article 55.01(a)(2)(A)(ii). It is undisputed that he did not complete a pretrial intervention program. By pleading nolo contendere—the legal equivalent of a guilty plea for all purposes relevant to this appeal—to the misdemeanor charge, Cassidy admitted that his arrest was not wrongful and that the felony charge was not dismissed due to false information, mistake, or lack of probable cause. *Id.*; *see also* TEX. CODE CRIM. PROC. ANN. art. 27.02(5) (plea of no contest has same effect as plea of guilty); *In re O.R.T.*, 414 S.W.3d 330, 335 (Tex. App.—El Paso 2013, no pet.) (admission of guilt of charge resulting from arrest is admission that arrest was not wrongful for purposes of expunction statute); *Knight*, 813 S.W.2d at 212 (when felony and misdemeanor were dismissed in exchange for plea of nolo contendere to another misdemeanor, trial court could not find that indictments or informations were dismissed due to mistake, false information, or lack of probable cause). And

18

nothing in the record indicates that the felony indictment was void. Thus, Cassidy has met none of the requirements of Article 55.01(a)(2)(A)(ii).

We hold that Cassidy is not entitled to expunction of the felony charge under Article 55.01(a)(2)(A).

## B.   Article 55.01(a)(2)(B)

Cassidy could also obtain expunction if he could establish that he is no longer subject to prosecution for the felony because the limitations period has expired. TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)(B). The statute of limitations for a criminal attempt is the same as that of the offense attempted. *Id.* art. 12.03(a) (West 2012). The crime of indecency with a child under Section 21.11 of the Penal Code, however, is not subject to a limitations period.[5] *Id.* art. 12.01(1)(E) (West 2012). Thus, the statute of limitations is not a bar to Cassidy's prosecution for indecency with a child, and Cassidy cannot satisfy the requirements of Article 55.01(a)(2)(B).

The record does not support a finding that Cassidy satisfied the requirements of Article 55.01 of the Code of Criminal Procedure with respect to his felony charge. Accordingly, we hold that Cassidy was not entitled to expunction of records related to his arrest for indecency with a child by sexual contact, criminal

---

[5]   The State argued, incorrectly, to the trial court and to this Court that the statute of limitations applicable to this charge was 10 years, measured from the victim's eighteenth birthday. The arguments of counsel, however, are not the law.

19

attempt, or the charges brought against him for that offense. Because it made unsupported factual findings or misapplied the law in concluding otherwise, the trial court abused its discretion in granting expunction. *Walker*, 827 S.W.2d at 840. We therefore sustain the State's second issue.

## Conclusion

Because Cassidy was not entitled to an expunction of his arrest record, we reverse and render judgment denying the request for an expunction.


Jane Bland
Justice

Panel consists of Justices Higley, Bland, and Lloyd.